**FILED**
NOV 20 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>DANIEL MOSES RAMOS,<br><br>　　　Defendant. | No. 12-799 YGR (DMR)<br><br>DETENTION ORDER |

## I. BACKGROUND AND INTRODUCTION

Defendant Daniel Moses Ramos is charged in an indictment with violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) (possession with intent to distribute methamphetamine); 18 U.S.C. § 922(o) (unlawful possession of a machine gun); 18 U.S.C. § 924(c)(1)(A)(i) (possession of a firearm in furtherance of a drug trafficking crime); and 18 U.S.C. § 924(c)(1)(B) (possession of a machine gun in furtherance of a drug trafficking crime).

Mr. Ramos made his initial appearance on November 15, 2012. At that time, the United States moved for his detention pursuant to the Bail Reform Act and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a full bail study, which recommended Mr. Ramos' detention. The court held a detention hearing on November 15, 2012, at which each side was given the opportunity to make their proffers to the court. Having fully considered the matter, the court orders that Mr. Ramos be detained.

DETENTION ORDER
CR 12-799 YGR (DMR)                                    1

cc: Copy to parties via ECF, Pretrial Services, 2 Certified copies to US Marshal, Frances

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its burden, the Court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or community danger. Close cases should result in release "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, the court should deny pretrial release "only in rare circumstances." *Motamedi*, 767 F.2d 1403 at 1405 (citations omitted); *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.").

The court must order a defendant detained if it finds that it cannot fashion conditions to assure the defendant's appearance in court or the safety of the community or another person. 18 U.S.C. § 3142(e)(1). The government bears the burden of proof on either prong. To prove that no condition or combination of conditions can assure that the accused will appear at required court hearings, the government must show by a preponderance of the evidence that the accused is a flight risk. *United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990) (citing *Motamedi*, 767 F.2d at 1406). The government must prove that the defendant poses a non-mitigable danger to the community through clear and convincing evidence. *Id.* (citing *Motamedi*, 767 F.2d at 1406).

For certain charged offenses, including drug crimes with a maximum prison term of at least ten years, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person . . . and the safety

DETENTION ORDER
CR 12-799 YGR (DMR)                            2

of the community." 18 U.S.C. § 3142(e)(3). The presumption shifts a burden of production to a defendant, but the burden of persuasion remains with the government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). The presumption is not erased when a defendant proffers rebutting evidence; "rather, the presumption 'remains in the case as an evidentiary finding militating against release, to be weighed along with'" the other relevant evidence. *Id.* (citation omitted).

Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f)(2). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405 (citations omitted).

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

The analysis in this matter begins with the presumption of detention, since Mr. Ramos has been charged with a drug crime with a maximum prison term of at least ten years. Mr. Ramos faces four substantial drug and gun counts. A search warrant executed in the underlying state case uncovered a significant amount of methamphetamine, as well as an arsenal of guns and ammunition, including multiple machine guns, high capacity magazines, and body armor. Mr. Ramos' counsel acknowledged that Mr. Ramos already pled guilty to the underlying state court offenses, and does not contest the truth of the factual basis for the federal charges. Instead, Mr.

DETENTION ORDER
CR 12-799 YGR (DMR)                                    3

Ramos argues that the current federal charges amount to double jeopardy.[1]  The nature and circumstances of the charge are thus quite serious, and trigger the rebuttable presumption of detention.  The weight of the evidence, by Defendant's own admission, also weighs in favor of detention.  However, the court notes that the weight of the evidence "is the least important of the various factors" in a bail review analysis, because "if the court impermissibly makes a preliminary determination of guilt, the refusal to grant release could become in substance a matter of punishment."  *Motamedi*, 767 F.2d at 1408.

Turning to the remaining factors, Mr. Ramos is 34 years old, and has lived most of his life in Hayward, California.  He was raised by his aunt and uncle.  He is separated from his wife, with whom he has an eleven-year old child.  He has been self-employed for the past eight months as a boat mechanic, and has performed similar work "off and on" for the past fifteen years, in addition to other jobs of relatively short duration.  He completed the 11th grade, and is currently working toward obtaining his GED.  Numerous friends, family members, and a teacher attended his detention hearing, and submitted personal letters of support.

Mr. Ramos' criminal record began in 1993, when he was referred to juvenile hall for sexual acts involving minors.  He sustained a misdemeanor driving conviction in 1998.  In 2003, he was convicted of two misdemeanor counts for driving on a suspended license and evading a police officer.  In 2005, his probation was revoked in lieu of filing a charge for using a controlled substance.  In March 2010, Mr. Ramos was involved in a shooting, in which he shot a man in the leg.  The state authorities did not charge him with the shooting, but Mr. Ramos ultimately sustained two felony convictions for possession of controlled substances for sale, and for

---

[1] In *Petite v. United States*, 361 U.S. 529 (1960), the Supreme Court noted the Department of Justice's general policy "that several offenses arising out of a single transaction should be alleged and tried together and should not be made the basis of multiple prosecutions." 361 U.S. at 530.  The policy "generally precludes the initiation of a federal prosecution following a state prosecution absent a 'compelling federal interest.'" *United States v. Jones*, 808 F.2d 561, 565 (7th Cir. 1986).  A prosecutor may obtain approval for a successive prosecution "in a case in which the state proceeding has left 'substantial federal interests demonstrably unvindicated' and in which an enhanced federal sentence appears likely." *Id.*, 808 F2d at 565 (citations omitted). In the present case, the government obtained a "*Petite* waiver," which amounts to approval from the Department of Justice to pursue this successive case.

DETENTION ORDER
CR 12-799 YGR (DMR)                                4

possession of an assault weapon, for which he was sentenced to over two years in prison.

Courts have issued at least five bench warrants for Mr. Ramos' failures to make his court appearances. Two of these occasions resulted in bail forfeitures, in 2006 and 2010. Mr. Ramos has also been subject to three probation revocations – in 2003, 2005 and 2006. He has sustained numerous arrests, including for crimes of violence such as robbery, battery, and assault with a deadly weapon with likely great bodily injury.

Viewing the record as a whole, the court finds that Mr. Ramos has not rebutted the presumption of detention. The court bases this finding on the following: Mr. Ramos' criminal record includes recent serious drug and firearm convictions that resulted in prison sentences. he has been arrested for crimes of violence. He has admitted to shooting a man in the leg in 2010. He has also admitted to possession of multiple assault weapons and related paraphernalia. He repeatedly has failed to make his court appearances, which twice has led to bail forfeitures, most recently in 2010. He also has sustained multiple probation revocations, which indicates that he may not be amendable to community supervision.

The court therefore detains Mr. Ramos. He shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: November 20, 2012

_____
DONNA M. RYU
United States Magistrate Judge

DETENTION ORDER
CR 12-799 YGR (DMR)                                5